O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GARCIA, as an individual and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROOFING WHOLESALE CO., INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. SACV14-00797 AG (JCGx)<br><br>**CONFIDENTIALITY ORDER** |

The Court has considered the Stipulation for Entry of Protective Order filed by Plaintiff John Garcia ("Plaintiff") and Defendant Roofing Wholesale Co., Inc. ("Defendant") (collectively, the "Parties"), through their respective counsel.

For good cause shown, IT IS HEREBY ORDERED that a Protective Order be entered in this action in accordance with the following terms:

1. <u>Application and Identification</u>. This Protective Order shall apply to all Discovery Responses that Plaintiff or Defendant identify as being covered by the Protective Order. Such Discovery Responses shall clearly be marked and bear the notation "CONFIDENTIAL."

2. <u>Definitions</u>. The following definitions shall apply in the construction and application of this Stipulation for Entry of Protective Order.

    a. The phrase "Discovery Responses" means any documents or information produced by Plaintiff or Defendant in connection with this action including, but not limited to: (1) documents produced as part of the Initial Disclosures pursuant to the requirements of Federal Rule of Civil Procedure 26(a)(1); (2) documents produced pursuant to requests under the Federal Rules of Civil Procedure; (3) documents produced pursuant to a subpoena *duces tecum*; (4) documents produced voluntarily or in response to informal requests; (5) responses to requests for admission; (6) responses to interrogatories; (7) responses to document requests; (8) deposition testimony; and (9) any information contained within any documents produced to Plaintiff or Defendant.

    b. The term "Non-Party" or "Non-Parties" means any person or entity other than the named Parties in this action, their respective counsel, any attorney, paralegal, stenographic, clerical or secretarial personnel employed by counsel for the Parties or any person employed by counsel for the Parties to assist such counsel in this action, such as experts or consultants. If this action is subsequently amended to add another plaintiff or plaintiffs, this Stipulation for Entry of Protective Order shall

likewise apply with full force and effect to such other plaintiff or plaintiffs, if they are represented by the same counsel as Plaintiff.

      c.      The term "Disclosure" or any version thereof means to show, give, make available or communicate in any fashion any Discovery Responses, information concerning the existence or content of Discovery Responses, or any portion, version or summary of any Discovery Responses.

      d.      The term "CONFIDENTIAL" is a designation that any party may apply to documents containing (1) sensitive client information, (2) contact information of individuals who are not parties to this lawsuit, (3) financial information of Plaintiff, Defendant or any non-parties, and (4) medical and/or mental health care information.

      3.      <u>Designation of CONFIDENTIAL Information in Documents</u>. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. The Parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL-ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in this Paragraph and Paragraph 11 below. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the Parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" designated below: (a) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action; (b) court reporter(s) employed in this action; (c) a witness at any deposition or other proceeding in this action; and (d) any other person as to whom the Parties agree in writing. However, Attorney's Eyes Only Material shall not be disclosed to a party or to an officer, director or employee of a party, unless otherwise agreed or ordered. If

disclosure of Attorney's Eyes Only Material is made pursuant to this Paragraph, all other provisions in this Protective Order with respect to confidentiality shall also apply.

4. <u>Objection to Designation of "CONFIDENTIAL" Information</u>. If a dispute arises over the propriety of the designation of a Discovery Response as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY," the party challenging the designation must meet and confer in writing with the designating party. If the Parties are unable to resolve the dispute by meeting and conferring, the party challenging the designation may file a motion with the Court to remove the "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" designation. The challenged document or non-documentary matter will be treated as "Confidential" pending the Court's ruling on such motion. Any motion challenging a designation shall be made in strict compliance with Local Rules 37-1 and 37-2.

5. <u>Disclosure to Persons Affiliated with Counsel for Plaintiff</u>. In the case of any Disclosure of Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" to Plaintiff's counsel of record or (a) any of the employees of Plaintiff's counsel of record, including any attorney, paralegal, stenographic, clerical or secretarial personnel; (b) those employed by Plaintiff's counsel to assist such counsel in this action, such as experts or consultants; or (c) Plaintiff, counsel for Plaintiff shall inform those persons to whom any Disclosure is being made of the existence and effect of this Stipulation for Entry of Protective Order and secure their agreement as to its terms and conditions.

6. <u>Disclosure to Persons Affiliated with Counsel for Defendant</u>. In the case of any Disclosure of Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" to Defendant's counsel of record or (a) any of the employees of Defendant's counsel of record, including any attorney, paralegal, stenographic, clerical or secretarial personnel; or (b) those employed by Defendant's counsel to assist such counsel in this action, such as experts or consultants; or (c) any employee of Defendant, counsel for Defendant shall inform those persons to

whom any Disclosure is being made of the existence and effect of this Stipulation for Entry of Protective Order and secure their agreement as to its terms and conditions.

7.     <u>Disclosure to Non-Parties</u>.  Any Non-Party permitted access to Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Paragraph shall be informed of the requirement that such Discovery Responses be kept confidential in accordance with the terms of this Stipulation for Entry of Protective Order prior to obtaining such access and must agree to the terms herein in writing.  Counsel for Plaintiff or Defendant, whichever is making the Disclosure to the Non-Party, must maintain the original signed agreement for each Non-Party permitted access to Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" and must produce such signed agreement if so requested by counsel for any party.  However, nothing contained in this Stipulation for Entry of Protective Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

8.     <u>Subsequent Disclosure</u>.  All persons permitted access by this Stipulation for Entry of Protective Order to any Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" may disclose the same, in whole or in part, only to those persons who have been permitted access to such information and documents pursuant to this Stipulation for Entry of Protective Order.

9.     <u>No Waiver</u>.  Nothing in this Stipulation for Entry of Protective Order shall be deemed to limit or waive any right of Plaintiff or Defendant to object to discovery with respect to any information or documents which may be claimed to be outside the scope of discovery for any reason including, without limitation, the reasons that it is privileged, confidential and/or trade secret information which would not adequately be protected by the provisions of this Stipulation for Entry of Protective Order.  Plaintiff and Defendant do not waive their respective rights to object to the admission of evidence of the information and documents he/it deems confidential.  In addition by entering into this Stipulation for Entry of Protective Order, Plaintiff and Defendant

further retain their respective rights to use his/its own documents and information with complete discretion. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

10. <u>Protecting Confidential Discovery Responses at Depositions</u>. If any Discovery Response marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY" is marked as an exhibit in a deposition, or during a hearing herein and/or its contents are disclosed, wholly or partially, in the course of the testimony at such deposition or hearing, counsel for the Parties shall advise the reporter taking and transcribing the testimony at such deposition or hearing of the portions of such testimony that refer to such Discovery Response, and the exhibit itself, and the portions of the transcript containing such Disclosure shall be marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and shall be deemed subject to the provisions of this Stipulation and Entry of Protective Order. To this end, the reporter shall not furnish copies thereof to anyone other than counsel of record for the Parties herein and, if so requested by such counsel, the witness and/or the witness' counsel.

11. <u>Use of Confidential Discovery Responses in Court Filings</u>. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the

application shall be directed to the judge to whom the papers are directed. For motions, the Parties shall publicly file a redacted version of the motion and supporting papers.

12. <u>Use of Discovery Responses</u>. Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and any information therein shall be used solely for the purposes of this litigation. Information contained in Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEY'S EYES ONLY" cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever. Should either party seek to use any Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" at trial, the Parties shall confer prior to the trial date in an effort to agree upon a procedure to ensure the confidentiality of such information and documents (e.g. requesting a closed courtroom). In the event an agreement is not reached, the matter will be submitted to the Court to determine how best to assure that the confidentiality of such information and documents is maintained in an appropriate fashion.

13. <u>Return of Confidential Documents</u>. Within thirty (30) days after the final termination of this action, any documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" and all summaries and descriptions of such documents shall be returned to counsel for the party that produced such Discovery Response. Counsel may retain their working files, provided that the working files that contain any Discovery Responses marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY" be maintained in such a manner that access will not be given to any person not authorized to receive the information under this Stipulation for Entry of Protective Order.

14. <u>Continuing Effect and Enforcement</u>. The terms and conditions of this Stipulation for Entry of Protective Order shall remain in full force and effect until further order of this Court, or a Court of competent jurisdiction, and shall not cease to be in effect because this litigation is finally adjudicated. The Court shall retain

jurisdiction over this matter after entry of final judgment to enforce the terms of this Stipulation for Entry of Protective Order.

15. <u>Further Protection</u>. Nothing contained in this Stipulation for Entry of Protective Order shall be deemed to preclude either party from seeking and obtaining from counsel for the opposing party or the Court, on appropriate showing, a further stipulation and/or protective order relating to any discovery in this case or the use of Discovery Responses at trial. No modification or amendment of the Protective Order pursuant to the stipulation of the Parties shall have the force or effect of a Court order unless the Court approves the modification.

16. <u>Confidential Information Obtained Independent of Discovery</u>. Nothing herein shall impose any restrictions on the use or Disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate.

**IT IS SO ORDERED.**

September 12, 2014

_____
JAY C. GANDHI
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28